[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: #114 MOTION FOR MODIFICATION OF ALIMONY AND SUPPORT
The marriage of the parties was dissolved on December 14, 1984 (Novack, J.). The court awarded the plaintiff alimony of $2,000 per month for 10 years with a second look thereafter. Child support for two minor children was awarded in the amount of $750 per month per child. One child has already reached the age of 18 and support for that child has terminated. The second child will reach the age of 18 on December 21, 1990.
At the time of the dissolution, the defendant had a total monthly net income of $7,833. He had total assets of $168,078 and liabilities of $32,341. Part of his assets was his one-half interest in the marital home which the defendant transferred to the plaintiff. The defendant retained his interest in Sandy CT Page 3332 Creek Farm and Sandy Creek Farm Sales, Inc. in West Virginia I where the defendant currently resides.
The defendant's present affidavit indicates an increase of assets to $211,750 and a reduction of expenses to $4,326. The defendant's assets include $25,000 in a CD and an IRA of $15,000. The most dramatic change however, is the defendant's income which has decreased from $7,833 net per month to $400 net per month. The defendant claims this decrease is due to the fact that his company, Globe Tanker went under in 1988 causing the defendant to lose his $100,000 a year job. The orders of alimony and child support were based on the defendant's net income of approximately $94,000 per year in 1984.
The plaintiff's income has increased from $629.50 net per month to $1,566.96 net per month. Her assets have increased from $57,318.18 to $168,344. Her living expenses have decreased from $7,076.15 per month to $3,323.47 per month. The plaintiff's major asset is the equity in her condo.
The defendant's obligation for child support will terminate on December 21, 1990 when the minor child reaches the age of 18 years. This will provide the defendant with a substantial reduction of his financial obligation to his first family.
It was not clear whether any of the personal expenses of the defendant (and his present wife) were paid for through the corporation. Although the defendant's present income is listed as $400 per month, he has listed no liabilities, even though his total monthly expense total $4,326 per month.
There was, however, no contradictory evidence with respect to the defendant's loss of his company and its attendant salary of approximately $100,000 per year.
The following orders are entered:
Commencing January 1, 1991, the order of alimony is modified to $1,850 per month.
There shall be no modification of the child support, which will terminate on December 21, 1990.
A contingent wage execution is ordered.
COPPETO, J. CT Page 3333